# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | CHAPTER 13 |
| | : | |
| LAURA ALLEN | : | |
| f/k/a LAURA WHITE, | : | |
| | : | |
| Debtor. | : | Bankruptcy No. 05-19531KJC |

## ORDER

**AND NOW,** this 25th day of August, 2005, counsel for debtor having submitted a "Stipulation and Order" (Docket No. 7) for approval by the Court;

**And** such Stipulation and Order providing, in part, the following:

> In the event the above name Debtor(s)' chapter 13 bankruptcy petition is dismissed or converted for any reason prior to confirmation, the Standing Chapter 13 trustee shall forward any refund directly to our/my attorney, John L. McClain;

**It is hereby ORDERED** that such Stipulation and Order is not approved by the Court.[1]

---

[1] At the August 16, 2005 hearing scheduled by the Court to consider such Stipulation and Order, the Chapter 13 Trustee opposed court approval thereof. See 11 U.S.C. § 1326(a)(2) ("If a plan is not confirmed, the trustee shall return [funds on hand] to the debtor [emphasis added]....")

Initially, I indicated to debtor's counsel that if he pressed for Court approval of such Stipulation, I would require his written submission justifying why Court approval was appropriate, with an opportunity for both the Chapter 13 Trustee and the U.S. Trustee to express their respective views in writing. I also indicated that I would be consulting my colleagues in an effort to consider a uniform, district-wide policy. It now appears that none of my colleagues intend to approve any such stipulations.

First, absent the appropriate request for relief on proper motion to the Court (see, e.g., Code § 329, Fed.R.Bankr.P. 2017), the Court is not being called upon to resolve any dispute concerning counsel's fee. Second, once refunded by the trustee, the debtor is free to dispose of any returned funds as applicable non-bankruptcy law may permit, including payment of any outstanding legal fees. These reasons I give as my own - - not necessarily that of my colleagues - - in declining to approve such stipulations.

I am not unmindful of the difficulty debtor's counsel may sometimes have in collecting unpaid fees in dismissed chapter 13 cases; however, compelling the chapter 13 trustee, and inviting the Court, to join the fee collection process is not the appropriate remedy.

BY THE COURT:


KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Honorable Diane W. Sigmund, Chief Judge
Honorable Thomas M. Twardowski
Honorable Bruce I. Fox
Honorable Stephen Raslavich

Laura Allen
f/k/a Laura White
3500-02 N. 23rd Street
Philadelphia, PA 19140

John L. McClain, Esquire
John L. McClain and Associates, P.C.
1420 Walnut Street, Suite 318
Philadelphia, PA 19102

William C. Miller, Esquire
(Chapter 13 Trustee )
111 S. Independence Mall
Suite 583
Philadelphia, PA 19106

Leroy W. Etheridge, Jr., Esquire
Office of Chapter 13 Standing Trustee
P.O. Box 40119
Philadelphia, PA 19106

Frederic J. Baker, Sr., Esquire
Senior Assistant United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107


Timothy B. McGrath, Clerk, U. S. Bankruptcy Court
Pamela Blalock, Courtroom Deputy Clerk